In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-025 CR


____________________



CHARLES ELVIS RABY, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 75th District Court


Liberty County, Texas


Trial Cause No. CR24499






MEMORANDUM OPINION


 A jury found Charles Elvis Raby guilty of evading arrest or detention. See Tex. Pen.
Code Ann. § 38.04 (Vernon 2003). Raby was sentenced by the jury to two years'
imprisonment in the Texas Department of Criminal Justice, State Jail Division, a $5,000 fine,
and $268 in court costs. After the instant appeal was perfected, appellate counsel filed a brief
in compliance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493
(1967), and High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978), concluding there was no
arguable error to support an appeal. Raby filed a pro se brief raising twelve issues.

 Raby's first three issues claim the evidence is legally insufficient to support the jury's
verdict. Specifically, Raby argues there is no evidence he intentionally or knowingly evaded
arrest or detention in a motor vehicle, that Deputy Carr had a reasonable suspicion to detain
him, or that Raby knew Deputy Carr was a law officer attempting to detain him.

 The record reflects Deputy Carr was attempting to locate a small, dark green, SUV-type vehicle regarding an offense that had been committed. When he spotted the suspect
vehicle, Carr got behind the vehicle and activated his emergency lights. Four cars that were
behind the suspect vehicle pulled off the roadway and Carr pulled in behind the suspect
vehicle. The suspect vehicle sped off. Deputy Carr then activated his siren. Carr's speed
reached 89 mph and the suspect vehicle was still pulling away from his vehicle. The pursuit
went from Liberty County into Nome, in Jefferson County. The suspect vehicle turned right
on FM 1009, proceeded down to Nolty Street, and turned left on Nolty. At that time, the
suspect vehicle almost wrecked. Deputy Carr turned on Nolty Street, the suspect vehicle was
in front of him and Carr pursued him at speeds around 75 mph. Deputy Carr had to reduce
his speed to 60 mph because of the dirt and gravel road. Carr observed an intersection up
ahead. The driver of the suspect vehicle slammed on the brakes and attempted to turn left,
but crashed into the canal at Blair and Nolty. Deputy Carr pulled up and exited his vehicle;
he observed a white male swimming towards him. As the suspect approached, Deputy Carr
pulled his weapon. The suspect was coming out of the canal when "he stated that he gives
up." Deputy Carr identified Raby as the individual driving the SUV that crashed in the canal. 
Deputy Carr was the only witness called to testify.

 Viewing all the evidence in the light most favorable to the verdict, we find any
rational trier of fact could have found the elements of the offense beyond a reasonable doubt. 
See Ovalle v. State, 13 S.W.3d 774, 777 (Tex. Crim. App. 2000). Issues one, two and three
are overruled. 

 Issues four and eleven contend trial counsel was ineffective during the guilt-innocence
and punishment phases of trial. While Raby alleges numerous errors by defense counsel, we
have no record on appeal explaining the reasons for defense counsel's actions. We note that
an appellate court may not consider factual assertions that are outside the record. Janecka
v. State, 937 S.W.2d 456, 476 (Tex. Crim. App. 1996). Such a record is usually developed
in a motion for new trial hearing or on writ of habeas corpus. See Redmond v. State, 30
S.W.3d 692, 698-99 (Tex. App.--Beaumont 2000, pet. ref'd). Absent evidence in the record
of counsel's thought processes and trial strategy, the presumption of effectiveness cannot
ordinarily be overcome. See Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). 
The record on direct appeal is insufficient to show that trial counsel's representation was so
deficient as to overcome the presumption that counsel's conduct was reasonable and
professional. See Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). See also
Johnson v. State, 68 S.W.3d 644, 655 (Tex. Crim. App. 2002). Accordingly, issues four and
eleven are overruled.

 Issue five complains the trial court's instruction to the jury on reasonable doubt did
not conform to Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991). The Geesa
instruction is no longer required. See Paulson v. State, 28 S.W.3d 570, 573-74 (Tex. Crim.
App. 2000). Issue five is overruled.

 Issues six and seven claim the trial court erred in commenting on appellant's right to
testify. The trial court's charge instructed the jury not to consider Raby's decision not to
testify. The record does not reflect any objection was made; accordingly, the instruction was
not erroneous. See generally Brown v. State, 617 S.W.2d 234 (Tex. Crim. App. 1981). Issue
six also asserts the reasonable doubt instruction should have been a separate and independent
instruction. We have reviewed the charge and the reasonable doubt instruction is a separate
instruction. Issues six and seven are overruled.

 Raby's eighth issue states the trial court erred in rushing the jury to reach a verdict. 
In essence, the trial court informed the jury that if deliberations were not completed by 5:00
p.m., the jury would have to return the next day. The record reflects the jury began
deliberations at 3:45 p.m. and returned with a verdict at 4:10 p.m. There is nothing in the
record indicating the jury was rushed. Issue eight is overruled.

 Issue nine argues the prosecutor made an improper reference to his failure to testify. 
During closing argument, the State said, "And nobody's refuted anything Carr said." Because
no objection was made, the complaint has been waived. See Cockrell v. State, 933 S.W.2d
73, 89 (Tex. Crim. App. 1996). Issue nine is overruled.

 Issue ten claims the trial court erred in allowing evidence of an extraneous offense to
be entered during the punishment phase. The record reflects no objections were made to the
admission of the evidence. Accordingly, nothing is preserved for our review. See Tex. R.
App. P. 33.1. Issue ten is overruled.

 Raby's final issue contends the State engaged in improper argument during the
punishment phase. The State said, "Page five, I don't care about because he doesn't have any
money to pay a fine anyway, so you got to put him in prison." No objection was lodged to
this comment, therefore we are unable to consider the merits of Raby's complaint. See Ladd
v. State, 3 S.W.3d 547, 570 (Tex. Crim. App. 1999). Issue twelve is overruled.

 The judgment of the trial court is AFFIRMED.


 PER CURIAM

 

Submitted on January 26, 2005 

Opinion Delivered February 2, 2005

Do not Publish 


Before McKeithen, C.J., Kreger, and Horton, JJ.